UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLIE E. RODGERS/ROGERS,

        Petitioner,

v.                            Case No. 3:05-cv-854-J-20MCR

JOHN RUTHERFORD, etc.;

        Respondent.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

On September 9, 2005, Petitioner, an inmate of the Duval County Pretrial Detention Facility in Jacksonville, Florida, who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254. He claims ineffectiveness of counsel. As relief, he requests release from the Duval County Pretrial Detention Facility.

Petitioner's request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding.

See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted).

Additionally, a federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the **judgment** of a State court." 28 U.S.C. § 2254(a) (emphasis added). This Petition is premature since Petitioner has not yet been tried, convicted, and sentenced.

Furthermore, Petitioner has not shown that he has exhausted any state remedies available to him. See 28 U.S.C. § 2254(b)(1)(A). In the interests of comity, this Court should give the state courts the opportunity to rule on his claims before he seeks relief in the federal courts. See Rose v. Lundy, 455 U.S. 509 (1982). For these reasons, this Petition will be dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is hereby **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13 day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

sc 9/13
c:
Charlie E. Rodgers/Rogers